Keiko ASAI et al., Appellants,

v.

Leonel J. CASTILLO, Commissioner, Immigration & Naturalization Service.

Keiko ASAI et al., Petitioners,

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

Nos. 78–1781, 78–1843.

United States Court of Appeals, District of Columbia Circuit.

Nov. 16, 1978.

On Motion for Costs and Attorney's Fees Feb. 13, 1979.

---

**95.** The necessity of a draft of players in a league expansion was nowhere raised or discussed at trial or on appeal.

Lauren S. Kahn, Atty., Dept. of Justice, Washington, D.C., was on the motion of appellee in No. 78–1781 and respondent in No. 78–1843 to dismiss as to certain petitioners-appellants.

Also John E. Harris, Washington, D.C., Department of Justice, entered an appearance for appellee in No. 78–1781 and respondent in No. 78–1843.

David Carliner, Atty., Washington, D.C., was on the memorandum of appellants in No. 78–1781 and petitioners in No. 78–1843, regarding motion to dismiss as to certain petitioners-appellants.

Before BAZELON, Circuit Judge, FAHY, Senior Circuit Judge, and ROBB, Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

No. 78–1781 of the above two consolidated cases is an appeal from a judgment of the District Court denying appellants' petition for a writ of habeas corpus. Their petition was filed in the District Court subsequent to the decision of this court in *Unification Church v. Attorney General of United States*, 189 U.S.App.D.C. 92, 581 F.2d 870, *cert. denied*, —— U.S. ——, 99 S.Ct. 102, 58 L.Ed.2d 122 (1978), which affirmed an order of the Attorney General requiring the deportation of appellants (petitioners therein). That order of deportation being still in effect, and no stay of deportation being in effect after 4 p. m. on September 20, 1978, appellee moved to dismiss as moot the appeal of certain appellants named in the motion who had been deported after expiration of the stay. Ap-

pellee had previously moved for costs and attorneys fees.

■ Appellee's motion to dismiss as to certain appellants is unopposed and is granted by this court.[1] As to the other appellants, as to whom the appeal is not dismissed as moot, the judgment of the District Court denying the writ of habeas corpus is affirmed for the reasons set forth below regarding denial of the petition for review in No. 78–1843.

No. 78–1843 is a petition for review of an order of the Board of Immigration Appeals denying petitioners' motions to reopen their deportation proceedings to enable them to seek permission voluntarily to depart from the United States. Petitioners in this case were the appellants in No. 78–1781, and their petition for review was likewise filed after this court's decision in *Unification Church, supra.* The Attorney General opposes the petition on the merits and also moves for costs and attorneys fees.

■ The petition for review in No. 78–1843 raises the question whether the Board of Immigration Appeals abused its discretion in denying petitioners' motions to reopen the deportation proceedings. Having been well advised by the parties as to their respective positions with respect thereto, the court reaches the merits for decision and finds that the petition for review should be denied.[2] Petitioners failed to avail themselves of several grants of permission voluntarily to depart; furthermore, they failed to file a petition for judicial review until after the expiration of those several periods of privilege. In this light and considering the whole history of the proceedings, the court concludes that the Board acted well within the sound discretion available to it in denying the motions which are the subject of this petition.

Other matters which we shall include in our order call for no discussion in this opinion.

*It is so ordered.*

Before BAZELON, Circuit Judge, FAHY, Senior Circuit Judge, and ROBB, Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge FAHY.

## ON MOTIONS FOR COSTS AND ATTORNEY'S FEES

FAHY, Senior Circuit Judge:

These two cases, consolidated in this court, arose from attempts to obtain a grant of voluntary departure for aliens whose deportation was ordered by the United States and upheld by this court in *Unification Church v. Attorney General,* 189 U.S. App.D.C. 92, 581 F.2d 870 *cert. denied,* —— U.S. ——, 99 S.Ct. 102, 58 L.Ed.2d 122 (1978). Thereafter, on November 16, 1978, this court (per curiam) also affirmed in No. 78–1781 the District Court's denial of appellants' petition for a writ of habeas corpus, and denied in No. 78–1843 their petition to review the order of the Board of Immigration Appeals (the Board) denying their motions to reopen the deportation proceedings.

The matters remaining for decision in the above cases, and now disposed of, are motions of the Government, filed in each case, for costs and attorney's fees to be assessed against appellants-petitioners (herein for brevity petitioners) or their counsel, under the authority vested in the court by Federal

---

1. Bearing upon the mootness issue, see 8 U.S.C. § 1105a(c).

2. Bearing upon the question of jurisdiction, see *Gena v. INS,* 424 F.2d 227, 231–32 (5th Cir. 1970) and *Luna-Benalcazar v. INS,* 414 F.2d 254, 256 (6th Cir. 1969)—jurisdiction to review an order denying motion to reopen deportation proceedings, although jurisdiction to review the deportation order itself is absent.

Counsel for petitioners suggests that the petition for review is moot as to those petitioners who have departed from the United States under orders of deportation, and that the petition will become moot as to the several remaining petitioners as they are deported. However, a determination of the question whether the deportation proceedings should have been reopened would involve all petitioners to the extent that it might affect their future status with respect to re-entry into the United States under the immigration laws.

Rules of Appellate Procedure 20 and 38 [1] and 28 U.S.C. § 1927.[2]

 We affirmed the appeal in No. 78–1781 for the same reasons we denied the petition for review in No. 78–1843. We there held that the Board had not abused its discretion in denying petitioners' motion to reopen the deportation proceedings to enable them to seek permission voluntarily to depart from the United States. In so holding we relied in part upon the failure of petitioners to file a petition to review the Board's order of deportation until after the expiration of the period of privilege to depart voluntarily, granted by the Board. Appellee, in his Response to "Memorandum in Opposition to Motions by Appellee-Respondent for Costs and Attorney's Fees", states that had petitioners followed such procedure the Service would have viewed the period of departure tolled by the appeal. The Second Circuit has held that should one in petitioners' situation file a petition for review within a period fixed by the Board for voluntary departure and request the court for a stay of the Board's order pending appeal, this would enable the Board or the court, in cases where a *prima facie* meritorious basis for appeal is shown, to permit its being pursued without prejudice to voluntary departure. *Ballenilla-Gonzalez v. I.N.S.*, 546 F.2d 515, 521 (2d Cir. 1976). Since this court, however, had not previously addressed this matter, counsel for petitioners might not have considered it necessary to follow the course thus indicated. We cannot say he acted in bad faith in the matter. *See Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). For this reason, and upon consideration of the proceedings as a whole, we do not feel called upon to exercise the authority vested in us by the invoked Rules and statute. The

motions for costs and attorney's fees accordingly are denied.

*It is so ordered.*

---

1. By Rule 20 it is provided *inter alia* that Rule 38 is applicable to review or enforcement of orders of agencies. Rule 38 provides: "Damages for Delay—If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

2. 28 U.S.C. § 1927 provides: "Counsel's liability for excessive costs—Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who *so multiplies the proceedings in any case* as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs."