**Cedric NEWTON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 80–1172.**

United States Court of Appeals, Third Circuit.

Argued April 23, 1980.

Decided June 17, 1980.

**1194**

J. Steven Xanthopoulos, Legal Services of the V. I., Fredericksted, St. Croix, V. I., argued, for petitioner.

Chester J. Halicki, Atty., Dept. of Justice, Washington, D. C., with whom James B. Morris, Atty., Gen. Litigation and Legal Advice Section, Criminal Division, Washington, D. C., was on brief, argued for respondent.

Before ADAMS, MARIS and SLOVITER, Circuit Judges.

### OPINION OF THE COURT

MARIS, Circuit Judge.

This is a petition to review an order of the Board of Immigration Appeals dismissing the appeal of Cedric Newton from an order for his deportation previously issued by an immigration judge. Pursuant to the order of the Board, a warrant of deportation was issued and on December 27, 1979, Newton was deported. The government urges that the petition was untimely, having been filed after Newton's deportation had been effected, and that it should, therefore, be dismissed for lack of jurisdiction.

Cedric Newton, on whose behalf the petition for review was filed, is a native of St. Kitts and a citizen of that associated British state. He first entered the United States in 1959 at the age of seven as the child of a nonimmigrant alien worker under 8 U.S.C.A. § 1101 (a)(15)(H)(ii). He remained in the United States Virgin Islands and on July 27, 1973, he married a United States citizen. As a result, he was able to enter the United States on June 25, 1974, with an immigration visa for permanent residence. On July 2, 1975, he was convicted in the District Court of the Virgin Islands of the offense of grand larceny and sentenced to imprisonment for ten years, later reduced to three. His conviction was affirmed on appeal by this court. His citizen wife divorced him while he was in prison.

On April 29, 1976, the Immigration and Naturalization Service (herein INS) issued an order to Newton to show cause why he should not be deported because of his conviction of a crime involving moral turpitude within five years of his entry upon which a sentence to imprisonment of a year or more had been imposed. Three sessions of deportation hearings were held before immigration judges. At the first two sessions Newton was represented by Russell B. Johnson, and at the third by Patricia M. Fron of the Legal Services of the Virgin Islands, each of whom in turn entered an appearance as counsel for Newton. Following the hearings, the immigration judge found Newton deportable and statutorily ineligible for either relief under 8 U.S.C.A. § 1182(c) or for the privilege of voluntary departure in lieu of deportation under 8 U.S.C.A. § 1254(e). Accordingly, deportation was ordered and the Board of Immigration Appeals dismissed a subsequent appeal taken on Newton's behalf by Miss Fron. During the pendency of the appeal, Miss Fron left the Legal Services of the Virgin Islands although she did not withdraw her appearance for Newton and J. Steven Xanthopoulos of that agency entered an appearance for Newton.

■ Newton was notified to report to the INS on December 27, 1979, for deportation. A copy of the notification was sent to Mr. Johnson who had originally appeared for Newton and whose appearance had not been withdrawn. Ostensibly because their forms for entry of appearance were not fully filled out and Mr. Johnson's appearance had not been withdrawn, copies of the notice were not sent to Miss Fron or Mr. Xanthopoulos. On the date fixed, December 27, 1979, Newton appeared at the office of the INS accompanied by Mr. Johnson's secretary, and he was deported later on that day. Subsequently, Mr. Xanthopoulos prepared a petition, dated January 23, 1980, to review the order of the Board of Immigration Appeals dismissing Newton's appeal from the order of deportation and mailed it to the clerk of this court who received and filed it on February 1, 1980.

8 U.S.C.A. § 1105a(c) provides:

"An order of deportation . . . shall not be reviewed by any court if the alien . . . has departed from the United States after the issuance of the order. . . ."

Since Newton departed from the United States under the order of deportation on December 27, 1979, more than a month before the petition for review was filed in this court, the government urges that the court is without jurisdiction to review his deportation. Opposing counsel contends, however, that "departure" as used in § 1105a(c) means a legally executed departure, when the departure is effected by the government as here, and that Newton's departure was not legally effected because the INS, in violation of its own rules,[1] had failed to notify his counsel of the order to report for deportation. If, in fact, the INS failed to do so, there would be force in counsel's contention that Newton's deportation was invalid because of this denial of procedural due process. *Mendez v. INS*, 563 F.2d 956 (9th Cir. 1977). But the facts here do not disclose such a situation. On the contrary, Mr. Johnson, Newton's original counsel,

whose appearance had not been withdrawn, was notified and his representative actually accompanied Newton to the office of the INS on the day of deportation. Moreover, it appears that later that day at the office of the INS Newton requested and received permission to call Mr. Johnson's office to relay information regarding his forwarding address in order that Mr. Johnson might contact him as to any future developments and that he did not request similar permission to contact Mr. Xanthopoulos or the Legal Services office.

■ Mr. Xanthopoulos frankly stated to this court at oral argument that he had not been in personal contact with Newton before his departure, that he had received no communication from Newton since his departure and that he had never been authorized by Newton to file a petition for review on his behalf. Under these circumstances, we are satisfied that Newton was not denied procedural due process by the INS and that his departure from the United States was legally executed. It necessarily follows that the petition for review, even if its filing was authorized by Newton, which apparently it was not, was filed too late and that this court is, therefore, under 8 U.S. C.A. § 1105a(c), without power to entertain it.

The petition for review will be dismissed for want of jurisdiction.[2]

---

1. 8 C.F.R. § 292.5(a).

2. Our judgment should not be interpreted as approving the failure of INS to inform Mr. Xanthopoulos of Newton's prospective deportation. Indeed, the better practice would have

been to send him notice even though his written appearance was regarded by INS as defective because the appearance form lacked Newton's signed consent to the disclosure to the attorney of the records in his case.