**Manuel JUAREZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 83–3251.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1984.

Decided April 16, 1984.

Timothy M. Manley (argued), Akron, Ohio, for petitioner.

Robert Kendall, Jr. (argued), Office of Immigration Litigation, Criminal Div., Thomas W. Hussey, Washington, D.C., for respondent.

Before EDWARDS and KENNEDY, Circuit Judges, and UNTHANK, District Judge.[*]

CORNELIA G. KENNEDY, Circuit Judge.

The petitioner Manuel Juarez-Fernandez appeals from an order of deportation. We

---

[*] Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation.

find that we have no jurisdiction to hear this appeal because Juarez has not yet exhausted his administrative remedies.

Juarez, a Mexican citizen, entered the United States in 1975 without presenting himself for inspection. On April 12, 1983, agents of the Immigration and Naturalization Service (INS) apprehended Juarez and issued him an Order to Show Cause and Notice of Hearing, charging that he was subject to deportation. On the reverse side of the order, Juarez signed a request.for an immediate hearing, waiving any right to more extended notice.

The deportation hearing for Juarez and another alien apprehended with him took place the following morning. Juarez was not represented by counsel, did not contest any allegations made by the INS, and conceded his deportability. The INS provided an interpreter, and the hearing was initially conducted in Spanish; the immigration judge switched to English for part of his examination of Juarez, however. At the conclusion of the hearing, the judge found Juarez deportable and ordered him deported to Mexico. Juarez at the hearing waived his right to appeal this decision.

Later in the same day, Juarez through counsel submitted a motion to reopen the deportation proceedings and an application for a stay of the deportation. The next morning, April 14, before Juarez's attorney received a response to these requests, INS officers placed Juarez on an airplane bound for Mexico. Juarez's attorney then filed a Petition for Review of Deportation Order in this Court of Appeals, which under 8 U.S.C. § 1105a(a)(3), stayed the deportation. (Juarez was taken off the plane in Chicago.) Also on April 14, the immigration judge issued a decision denying both of Juarez's requests. Juarez subsequently appealed the decision of the judge; this appeal is now pending before the Board of Immigration Appeals.

■ An alien may appeal his deportation order only after exhausting his administrative remedies. The Immigration and Nationality Act states:

An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order.

8 U.S.C. § 1105a(c).

■ Juarez argues that this appeal is not barred by this provision since when the petition for review was filed in this Court, he had exhausted all his *available* administrative remedies. Because his motions to reopen the deportation proceedings and to stay the deportation order had not yet been denied by the immigration judge, Juarez had no jurisdictional basis to move the Board of Immigration Appeals to set aside his waiver of appeal. Juarez's waiver at the hearing of his right to appeal made the immigration judge's decision ordering his deportation a final order, which could be executed immediately. 8 C.F.R. § 243.1 (1983). Juarez further argues that he could not simply wait for the judge to grant or deny his motions to reopen the proceedings and to stay the deportation, and then proceed with his administrative appeal. The actual process of deportation had already begun; Juarez contends that he was forced to file this appeal in this Court to stay the deportation "since all possible rights and remedies would have been extinguished" upon his return to Mexico (Reply Brief at 6).

We disagree with this interpretation of the law. It is true that the section of the Immigration and Nationality Act quoted above states that a court may not review a deportation order if the alien "has departed from the United States after the issuance of the order." However, "departure" in this context has been held to mean a "legally executed" departure that does not violate procedural due process. *Mendez v. INS*, 563 F.2d 956, 958 (9th Cir.1977); *see Estrada-Rosales v. INS*, 645 F.2d 819, 820–21 (9th Cir.1981); *Newton v. INS*, 622 F.2d 1193, 1195 (3d Cir.1980). In the present case, Juarez alleges that his deportation

**60**

hearing should be set aside for due process violations. If he had left the United States under an order that contravened his constitutional right to due process, his departure would be no obstacle to court review of the order. The same reasoning applies by analogy to administrative review of the order; if Juarez had been deported he would not have lost all rights and remedies but could have appealed the immigration judge's decision to the Board of Immigration Appeals as a violation of due process.

 Juarez asserts, however, that he would have suffered irreparable harm if he had not stayed his deportation by filing his appeal in this Court. Aside from the loss of administrative remedies discussed above, Juarez alleges that deportation would abolish his eligibility for suspension of deportation or voluntary departure under 8 U.S.C. § 1254. The drastic upheaval of deportation could cause other hardships as well. *See Morales-Alvarado v. INS,* 655 F.2d 172, 176 (9th Cir.1981) (Canby, J., dissenting). If an alien can demonstrate that his deportation would cause immediate and irreparable harm and that an appeal of the deportation order would be likely to succeed, a district court can order a preliminary injunction against the deportation. *See Small v. Kiley,* 567 F.2d 163, 165 (2d Cir.1977); *Najafi v. Civiletti,* 511 F.Supp. 236, 240 (W.D.Mo.1981). The threat of irreparable injury might have given Juarez a basis for enjoining his deportation; it does not furnish a basis for this Court's jurisdiction.

 When this appeal was filed on April 14, 1983, Juarez had not exhausted all available administrative remedies. His deportation need not have prevented him from pursuing an appeal before the Board of Immigration Appeals; he could have either sought an injunction in district court or complied with the deportation and continued his appeals from Mexico. Since Juarez has not exhausted his remedies as required by § 1105a(c), we dismiss this appeal for lack of jurisdiction. We note that Juarez still has an appeal pending before the Board of Immigration Appeals. If the

Board rejects Juarez's claims of due process violations and affirms the immigration judge's decision ordering his deportation, Juarez will then have exhausted his administrative remedies and may seek review in this Court, or pursue any remedies he may have in the district court.

In view of petitioner's claim of due process violation we direct the clerk to delay the issuance of the mandate thirty days from the date of filing of this opinion to allow counsel for petitioner time to consider whether there are alternative administrative or legal remedies which he may wish to pursue.