Ulises Garay ORTEZ,
Petitioner–Appellant,

v.

Ronald CHANDLER, District Director, Immigration & Naturalization Service, Respondent–Appellee.

No. 87–1854.

United States Court of Appeals,
Fifth Circuit.

May 24, 1988.

Akin, Gump, Strauss, Hauer & Feld, Walter S. Cowger, Dallas, Tex., for petitioner-appellant.

Marvin, Collins, U.S. Atty., Dallas, Tex., Robert Kendall, Jr., Donald A. Couvillon, Washington, D.C., for respondent-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Ulises Garay Ortez, an alien, appeals from denial of his habeas corpus petition seeking relief from a bond determination. While this appeal was pending, Ortez requested and was granted deportation. Persuaded that the appeal is moot, we dismiss.

I

Ulises Garay Ortez is a twenty-one year old Salvadorian. He was apprehended by INS in 1985 and deportation proceedings were started. Garay Ortez failed to appear

at his April 1986 deportation hearing, and he was arrested and placed under new bond. On Garay Ortez's application, bond was reduced from $10,000 to $3,000 in July 1987. He appealed the bond determination through administrative channels and filed a habeas corpus action to obtain release. The habeas corpus petition, filed in the Northern District of Texas, claimed that neither Garay Ortez nor his counsel had received notice of the hearing he failed to attend and that his nonappearance was the sole reason for the increased bond; that the new bond conditions were thus imposed in violation of due process. The district court denied the petition without evidentiary hearing, adopting a magistrate's finding that a reasonable foundation existed for the $3,000 bond.

Garay Ortez appealed the bond decision to this court. While the appeal was pending, Garay Ortez sent a letter to INS requesting that he be deported immediately. After receipt of the letter, INS moved to stay proceedings urging, "as it is likely that this habeas appeal will be rendered moot in the near future by the alien's release from custody for the purpose of departing the United States, either voluntarily or by deportation, a stay of the proceedings is warranted." We granted the unopposed motion for stay on January 13, 1988, and on January 17, Garay Ortez was deported at government expense to El Salvador.

INS now moves to dismiss the appeal on the ground that it is rendered moot by Garay Ortez's departure. Garay Ortez opposes the motion.

## II

Article III of the Constitution mandates that an actual case or controversy exist at all stages of judicial review. "If the subject matter of an appeal has become moot, an appellate court may not decide it." [1] INS argues that because Garay Ortez is no longer in custody, this appeal is moot. INS contends that *Asai v. Castillo,* [2] is dispositive on the issue. In *Asai,* a group of aliens challenged their deportation order by filing a habeas petition. While the appeal from a denial of the petition was pending, a stay of deportation expired, and the aliens were deported. INS moved to dismiss the appeals of the deported aliens on the ground that their appeals were rendered moot by their deportation. The court of appeals noted that the motion was unopposed and granted it, citing to 8 U.S.C. § 1105a(c), which provides:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations *or if he has departed from the United States after the issuance of the order.* [3]

Garay Ortez, on the other hand, contends that *Umanzor v. Lambert,* [4] controls our disposition of this motion to dismiss. In *Umanzor,* an alien's counsel filed a habeas corpus petition challenging a deportation order, dramatically, four minutes after the airplane transporting the alien had departed but while the alien was still in United States air space. The district court dismissed the petition on the ground that § 1105a(c) bars judicial review of a deportation order once the alien has departed the United States. On appeal, we found that the appeal was not moot, but affirmed on the ground that the district court was precluded by § 1105a(c) from reviewing the merits of the claim.

As to the mootness issue, we held that where an alien could suffer adverse collateral consequences from his deportation, the potential consequences give him a substantial stake in the deportation that survives the fulfillment of a deportation order. [5] We

---

**1.** *Umanzor v. Lambert,* 782 F.2d 1299, 1301 (5th Cir.1986) (citing *H.K. Porter Co., Inc. v. Metropolitan Dade County,* 650 F.2d 778, 782 (5th Cir.1981).

**2.** 593 F.2d 1222 (D.C.Cir.1979).

**3.** (Emphasis added).

**4.** 782 F.2d 1299 (5th Cir.1986).

**5.** *Id.* at 1301 (citing *Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968); *Escobedo v. Estelle,* 655 F.2d 613, 615 (5th Cir.1981)).

noted that a deported alien is ineligible for a visa for five years and held, "The very real possibility of collateral consequences, then, requires us to find that this appeal has not been mooted for purposes of Article III of the Constitution by the airline's release of Umanzor."[6]

While the *Asai* court viewed the mootness issue in terms of § 1105a(c), in *Umanzor* we held that "whether there exists an Article III case or controversy, and thus constitutional subject matter jurisdiction, is analytically distinct from whether the pertinent habeas statutes confer statutory subject-matter jurisdiction."[7] Thus, after resolving the constitutional jurisdictional issue of mootness, we then turned to the statutory jurisdictional issue of § 1105a(c). There, we held that Congress, through § 1105a(c), had wrested appellate jurisdiction from us in the matter, distinguishing the situation before us from that in *Mendez v. INS.*[8]

In *Mendez*, a Mexican citizen appealed directly from denial of a petition for review of a deportation order. The alien claimed that he had been deported in contravention of his due process rights, but INS claimed the appeal was moot because he had "departed." The Ninth Circuit held that under § 1105a, "departure" means a "legally executed" departure, and thus an appellate court has jurisdiction to review "illegally executed" departures even after the fact. It reasoned that holding every appeal moot when the alien is physically out of the country would mean that INS could "kidnap" an individual, and the individual could not seek judicial relief from the kidnapping because of the very fact that he had been kidnapped.

In considering *Mendez* in *Umanzor*, we said, "we entertain serious reservations regarding the '*Mendez* exception'" but held that, in any event, we need not apply *Mendez* because the Umanzor deportation was "legally executed":

[E]ven were we to adopt the *Mendez* exception, there is no evidence in this case that *Umanzor*'s departure was effected illegally.[9]

### III

Regardless of the parties' contentions, however, neither *Asai* nor *Umanzor* is dispositive of the motion before us. Similarly, the language of § 1105a(c) does not come into play. For *Asai*, *Umanzor*, and even *Mendez*, as well as the statutory proscription of § 1105a(c), all concern challenges to orders of deportation, and Garay Ortez challenges a bond determination not deportation. Indeed, not only was Garay Ortez's deportation "legally executed," but he himself requested deportation while his appeal was pending. Garay Ortez has not placed the issue of his deportation before this court.

It is not the fact that Garay Ortez has been deported that renders this appeal moot; we do not decide that question. Rather, it is the fact that the habeas relief he requests—reduction of his bond—can no longer be effected. No "case or controversy" remains regarding Garay Ortez's bond determination; accordingly, we DISMISS as moot his appeal.

---

6. *Id.*, 782 F.2d at 1301.

7. *Id.* at 1301 n. 2.

8. 563 F.2d 956, 958 (9th Cir.1977).

9. *Umanzor*, 782 F.2d at 1301.