**Maria Bertha QUEZADA, et al., Plaintiffs–Appellants,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, et al., Defendants–Appellees.**

No. 89–1857.

United States Court of Appeals, Fifth Circuit.

April 18, 1990.

R. David Benavides, John Wheat Gibson, Dallas, Tex., for plaintiffs-appellants.

James Reynolds, Asst. U.S. Atty., Sp. Asst., Marvin Collins, Myrna Silen, Asst. U.S. Atty., Dallas, Tex., for defendants-appellees.

Ronald C. Chandler, Dist. Director, INS, Dallas, Tex., John B.Z. Chaplinger, Dist. Director, INS, New Orleans, La., for other Interested Parties.

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The plaintiffs appeal from the dismissal of their petition for writ of habeas corpus in which they had sought to require officials of the Immigration and Naturalization Service (INS) to permit plaintiff Victor Quezada to be readmitted to the United States following his deportation. The INS has moved to dismiss the appeal. On the basis of plain statutory language and our own previous pronouncements, we grant that motion.

## I.

Victor Quezada was deported from the United States on September 5, 1989, following the district court's dismissal of his habeas corpus petition in an order dated August 31, 1989, and entered September 1, 1989. That petition had sought to compel the INS district director to grant Victor Quezada the benefits of the INS's so-called "Family Fairness policy" under which he asserted that he should be allowed to remain in the United States because of the temporary residence, through amnesty, that had been accorded to his wife, Maria Quezada.

The INS sought dismissal on the ground that all of the requested relief had been granted: The customary Family Fairness interview had been conducted; material requested under the Freedom of Information Act had been produced; and Victor Quezada's voluntary departure had been postponed pending completion of the foregoing matters. The INS also based its request for dismissal upon the ground that habeas corpus is an inappropriate vehicle for challenging the Family Fairness policy.

In its order of dismissal, the district court noted that Victor Quezada had entered the United States illegally in 1981 and 1983 and had been granted a voluntary departure date. It then concluded that it lacked subject matter jurisdiction for the reason that "[t]he Family Fairness policy creates no statutory or regulatory right to relief for illegal aliens subject to deportation [and that therefore] [t]his Court lacks jurisdiction to review INS's application of the Family Fairness policy to Victor Quezada" (footnotes omitted).

## II.

Although we perceive no error in the district court's determination, we find it inappropriate to rule on the correctness of the order of dismissal, for the reason that Victor Quezada's deportation subsequent to the entry of that order moots this controversy. We may not decide an appeal if the subject thereof has become moot. *H.K. Porter Co. v. Metropolitan Dade County,* 650 F.2d 778, 782 (5th Cir. Unit B July 1981).

In *Umanzor v. Lambert,* 782 F.2d 1299 (5th Cir.1986), we were faced with a similar circumstance. There, the petitioner filed a habeas petition while he was being flown through American airspace in the process of being deported. The district court dismissed the petition for want of habeas jurisdiction, reasoning that the petitioner was beyond the custody of the INS at the moment the petition was filed.

■ We held that there was no *constitutional* mootness, as there was a case or controversy under article III. Victor Quezada, like the petitioner in *Umanzor*, correctly claims that he faces collateral consequences should he try to re-enter the United States wrongfully: Namely, he is ineligible for a visa and can be found guilty of a felony (punishable by fine and imprisonment) for his efforts. Thus, under *Umanzor*, the instant matter is not *constitutionally* moot under article III, and the INS so concedes.

■ But the analysis does not stop here: We must look also at the statutory grant of jurisdiction to us and the district court to review the subject order of deportation. *Umanzor*, 782 F.2d at 1302; *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir.1988).[1] The legislative mandate is clear: Title 8 U.S.C. § 1105a(c) provides that "an order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order." We have noted that "[t]he statute's command is unequivocal." *Umanzor*, 782 F.2d at 1302.

In *Umanzor, id.* at 1303, we observed that the Ninth Circuit Court of Appeals has strayed from the plain meaning of the statute to hold it inapplicable to departures effected unlawfully. *See Mendez v. INS*, 563 F.2d 956, 958 (9th Cir.1977). But in *Umanzor* we expressed

serious reservations regarding the 'Mendez' exception for, if the exception is taken to its logical conclusion, *any* error or procedural defect at any point in the

alien's deportation saga ... would render the departure illegal. This being so, any later *allegation* of procedural error by a deported alien would force the district courts to review the entire matter, despite the express determination that no such reviews should take place.

782 F.2d at 1303 (emphasis in original, footnote omitted). Thus, we observed that in the Ninth Circuit, "*Mendez* has become a sinkhole that has swallowed the rule of 1105a(c)." *Id.* n. 5.[2]

Concluding that we should abide by the plain statutory language where reasonably possible, we reject *Mendez* today, as we did in *Umanzor*. Our determination finds support in, e.g., *Asai v. Castillo*, 593 F.2d 1222 (D.C.Cir.1979) (per curiam).[3] There, citing section 1105a(c), the court granted a motion to dismiss the appeal, following the district court's denial of a habeas petition, on the ground that the appeal had been mooted by the appellants' deportation.[4]

At least twice very recently the Supreme Court has reminded us that "[w]e give the Federal Rules of Civil Procedure their plain meaning, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n. 9, 100 S.Ct. 1978, 1985 n. 9, 64 L.Ed.2d 659 (1980), and generally with them *as with a statute*, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete.' *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)." *Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989) (ellipses in original, em-

---

1. It is undisputed here that Victor Quezada was "in custody," for purposes of the jurisdictional statute, 8 U.S.C. § 1105a(a)(9), which provides that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." Recently the Supreme Court has opined that the "in custody" requirement is met only if the person is restrained or confined at the time his or her habeas petition is filed and that the possibility of other adverse consequences does not, by itself, satisfy the "in custody" requirement. *See Maleng v. Cook*, —— U.S. ——, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989).

2. Most recently, the Eleventh Circuit has quoted this language with approval in regard to a separate statutory provision regarding political refu-

gees. *See Perlera–Escobar v. Executive Office for Immigration*, 894 F.2d 1292, 1298 (11th Cir. 1990). (Per curiam.)

3. On the other hand, one circuit has adopted the *Mendez* exception, *see Juarez v. INS*, 732 F.2d 58, 59–60 (6th Cir.1984), and another has cited it in dictum, apparently with approval, *see Newton v. INS*, 622 F.2d 1193, 1195 (3d Cir.1980). The Ninth Circuit continues to follow *Mendez*, although its most recent application of *Mendez* has drawn a dissent. *See Wiedersperg v. INS*, 896 F.2d 1179, 1183 (9th Cir.1990) (Poole, J., dissenting).

4. We have read *Asai* as "view[ing] the mootness issue in terms of 1105a(c)." *See Ortez v. Chandler*, 845 F.2d at 575.

phasis added). " '[We] must take the intent of Congress ... to be that which its language clearly sets forth.' *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961).... The language ... could not be more clear.... We cannot doubt that Congress meant what it said." *Northbrook Nat'l Ins. Co. v. Brewer,* ── U.S. ──, 110 S.Ct. 297, 299, 301, 107 L.Ed.2d 223 (1989). *Accord Phillips v. Marine Concrete Structures, Inc.,* 895 F.2d 1033, 1035 (5th Cir. 1990) (en banc).

Similarly, we conclude that Congress "meant what it said" when it provided that "no court" may review a deportation order once deportation has occurred. Such is the case here. " 'If the subject matter of an appeal has become moot, an appellate court may not decide it.' " *Ortez,* 845 F.2d at 574 (quoting *Umanzor,* 782 F.2d at 1301).

We are without statutory jurisdiction to review the deportation. The appeal, accordingly, is DISMISSED.