United States Court of Appeals,

Fifth Circuit.

No. 93-5436

Summary Calendar.

Guiseppe CIPRIANO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

July 5, 1994.

Petition for Review of an Order of the Immigration and
Naturalization Service.

Before POLITZ, Chief Judge, DAVIS and SMITH, Circuit Judges.

POLITZ, Chief Judge:

Guiseppe Cipriano petitions for review of the denial of relief
from deportation by the Board of Immigration Appeals. We grant
review in part, vacate in part, and remand for further proceedings.

*Background*

Cipriano, a native and citizen of Italy, entered the United
States in 1956 as a five-year-old child and became a permanent
lawful resident. He was deported in 1975 because of convictions
for theft of an automobile, attempted larceny under $100, obtaining
less than $100 under false pretenses, and conspiring to possess a
$20 counterfeit bill. With only one relative in Italy and unable
to speak the language, in short order Cipriano surreptitiously
returned to the United States. In 1980 he was found possessed of
two grams of heroin and a firearm and was convicted of both
offenses. He served 14 months of a five-year sentence. During his
incarceration he recovered from a drug dependency. He also was

1

convicted of re-entering the United States after deportation in violation of 8 U.S.C. § 1326, serving 179 days of a two-year sentence for that offense and two additional months for parole violation.  Upon his release from prison in June 1985, Cipriano obtained employment with an automotive parts wholesaler and rapidly rose through the ranks to the position of Operations Manager.  He moved in with his elderly parents and supports them.

In 1988 the Immigration and Naturalization Service initiated a second round of deportation proceedings, charging that Cipriano had entered the United States without inspection in violation of section 241(a)(2) of the Immigration and Nationality Act.[1]  An immigration judge ordered deportation to Italy and denied his applications for discretionary relief.  The Board of Immigration Appeals affirmed on statutory grounds;  Cipriano timely petitioned for review.

*Analysis*

Cipriano contests the Board's denial of his applications for waiver of deportation under section 212(c)[2] and for suspension of deportation under section 244(a)(1).[3]  Section 212(c) authorizes the Attorney General to waive deportation for aliens with seven consecutive years of lawful unrelinquished domicile in the United States.  Cipriano does not qualify for such relief from the pending

---

[1] 8 U.S.C. § 1251(a)(2) (now codified at 8 U.S.C. § 1251(a)(1)(B)).

[2] 8 U.S.C. § 1182(c).

[3] 8 U.S.C. § 1254(a)(1).

deportation order because the 1975 order of deportation terminated his status as a lawful resident. He insists, however, that he is eligible for **nunc pro tunc** relief from the 1975 order. Our precedents foreclose review of that claim. In *Umanzor v. Lambert*[4] and again in *Quezada v. INS*[5] we held that 8 U.S.C. § 1105a(c) precludes judicial review of orders of deportation after departure from the United States.[6] Cipriano maintains that deportation pursuant to an allegedly unconstitutional order does not trigger this jurisdictional infirmity. We rejected that proposition in *Quezada,* noting that the exception urged by Cipriano, where recognized, "has become a sinkhole that has swallowed the rule of 1105a(c)."[7]

*United States v. Mendoza-Lopez,*[8] on which Cipriano relies, does not hold to the contrary. Therein the Supreme Court allowed a collateral attack on a deportation order which was used to establish an element of a criminal offense where judicial review of the administrative order previously had been unavailable. The instant proceeding is not criminal. The Court explicitly reserved the question at issue herein: whether post-departure judicial

[4]782 F.2d 1299 (5th Cir.1986).

[5]898 F.2d 474 (5th Cir.1990).

[6]8 U.S.C. § 1105a(c) provides in pertinent part:

An order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order.

[7]898 F.2d at 476 (internal quotation omitted).

[8]481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987).

review of an allegedly unconstitutional deportation order is available in the context of deportation proceedings.[9]

We are persuaded, however, that the Board erred in finding Cipriano ineligible as a matter of law for suspension of deportation under section 244(a)(1). To obtain such relief, an applicant must establish seven years of continuous physical presence, good moral character, and severe hardship if deportation occurs. Section 101(f)(7)[10] precludes a finding of good moral character if the applicant was incarcerated for 180 days or more during the seven-year period. The Board determined that section 101(f)(7) barred Cipriano's efforts to establish good moral character because he was incarcerated from October 1984 until June 1985, within seven years prior to his original application for section 244(a)(1) relief. Cipriano argues that the Board should have looked back seven years from the date of its decision on September 20, 1993. That reflection would have placed his period of imprisonment outside the relevant time frame. We are constrained to agree.

In *Vargas-Gonzalez v. INS*,[11] we reversed a denial of section 244(a)(1) relief and remanded the case to the Board when the applicant's seven-year eligibility period accrued during the pendency of his non-frivolous petition for review. The facts of

_____

[9]481 U.S. at 837 n. 13, 107 S.Ct. at 2154 n. 13 (stating that the opinion expresses no view about the holding in *Mendez v. INS,* 563 F.2d 956 (9th Cir.1977)).

[10]8 U.S.C. § 1101(f)(7).

[11]647 F.2d 457 (5th Cir.1981).

4

the instant case merit similar treatment.  Cipriano's appeal had substance and therefore does not trigger concerns that it was filed solely for purposes of delay.[12]   His challenge to the constitutionality of the 1975 deportation proceeding, in which he was not advised of the availability of a section 212(c) waiver, finds support in the INS's longstanding recognition, predating the seminal case of *Francis v. INS,*[13] of the whimsy of limiting such waivers to exclusion cases.[14] With the removal of the statutory bar to establishing good character, Cipriano may make a substantial showing of entitlement to relief, particularly in light of his 40 years of residence in this country, his drug dependency rehabilitation, current employment, and response to family obligations.  Accordingly, we vacate the order of the Board insofar as it dismissed Cipriano's application for section 244(a)(1) relief on statutory grounds and remand for consideration of that application on the merits.

Petition for review DENIED in part, GRANTED in part, and the matter is REMANDED for further proceedings consistent herewith.

---

[12]*Cf. Prichard-Ciriza v. INS,* 978 F.2d 219 (5th Cir.1992) (refusing to allow a section 212(c) applicant to count the time that his appeal was pending with the Board toward the seven-year requirement when the appeal was frivolous).

[13]532 F.2d 268 (2d Cir.1976).

[14]*See id.*  Had Cipriano been afforded an opportunity to apply for a waiver of deportation in 1975, he might well have been successful in light of the length of his residence in the United States and the relatively minor nature of his offenses.