**Kleanthis ATTESHLIS, Petitioner,**

v.

**Arthur E. STRAPP, District Director, Respondent.**

**Civil Action No. 3:96–CV–3223–D.**

United States District Court,
N.D. Texas,
Dallas Division.

April 14, 1997.

---

**1180**

---

### MEMORANDUM OPINION
### AND ORDER

FITZWATER, District Judge.

Respondent Arthur E. Strapp, District Director ("Director Strapp"), moves to dismiss this action following the deportation of petitioner Kleanthis Atteshlis ("Atteshlis"). The court grants the motion.

Atteshlis applied to the court for a writ of habeas corpus and a stay of deportation pending disposition of the writ. The court denied Atteshlis' application for a stay. His petition for a writ of habeas corpus remained pending.[1] Soon after the court denied Atteshlis' motion for a stay, the government deported him to his native Republic of Cyprus. The court directed that he show cause why his habeas petition should not be dismissed as moot. Atteshlis responded, maintaining that the court retained jurisdiction because his departure was effected unlawfully. Director Strapp then filed a renewed motion to dismiss.[2]

Atteshlis' deportation renders this case moot. *See Quezada v. INS*, 898 F.2d 474, 475–77 (5th Cir.1990); *Umanzor v. Lambert*, 782 F.2d 1299, 1302–03 (5th Cir.1986); *Ortez v. Chandler*, 845 F.2d 573, 574–75 (5th Cir. 1988). Although there is no constitutional mootness, *see Quezada*, 898 F.2d at 476, the statutory grant of jurisdiction provides that "an order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after issuance of the order." 8 U.S.C. § 1105a(c). To avoid application of the mootness doctrine, Atteshlis attempts to rely upon a line of Ninth Circuit decisions, beginning with *Mendez v. INS*, 563 F.2d 956, 958 (9th Cir.1977), that holds that "departure" in 8 U.S.C. § 1105a means "legally executed" departure effected by the government. Atteshlis maintains that *Mendez* applies to this case because of various alleged procedural errors related to his deportation.

Atteshlis' arguments are without merit. The Fifth Circuit has rejected the reasoning embodied in *Mendez* in favor of a plain meaning construction of the statute. *Quezada*, 898 F.2d at 476; *Umanzor*, 782 F.2d at 1303. Atteshlis' attempts to distinguish *Quezada* are not persuasive. The court is without statutory jurisdiction to review the deportation. Atteshlis' petition for a writ of habeas corpus is therefore dismissed without prejudice.

**SO ORDERED.**

---

1. The court did not reach the merits of Atteshlis' petition for a writ of habeas corpus in its prior opinion.

2. As permitted by Local Rule 5.1(f), the court in its discretion is deciding this motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F.Supp. 415, 416 n. 2 (N.D.Tex.1995).