IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10437
Summary Calendar
_____

ANTONIO RODRIGUEZ,

                                        Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL; ANNE ESTRADA,
District Director, Immigration & Naturalization Service,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:01-CV-1855-R)
--------------------
January 20, 2003
Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Antonio Rodriguez, an alien, appeals the
district court's denial of his 28 U.S.C. § 2241 petition for writ
of habeas corpus challenging his deportation order.    The
transitional rules of the Illegal Immigration Reform and Immigrant
Responsibility Act (IIRIRA) govern his case.    See Rodriquez-Silva
v. INS, 242 F.3d 243, 246 (5th Cir. 2001).

    Rodriguez was deported after the district court denied his
petition.    Statutory provisions governing transitional rules cases

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specify that orders of deportation shall not be reviewed after an alien has left the United States. 8 U.S.C. 1105a(c) (1994); <u>Lara v. Trominski</u>, 216 F.3d 487, 491-92 (5th Cir. 2000) (interpreting applicable statute in a transitional rule case); <u>see</u> <u>Quezada v. INS</u>, 898 F.2d 474, 476 (5th Cir. 1990), and <u>Umanzor v. Lambert</u>, 782 F.2d 1299, 1302 (5th Cir. 1986).

Although we indicated in <u>Lara</u> that jurisdiction might exist despite that statutory bar if a person like Rodriguez could demonstrate that his prior deportation involved a gross miscarriage of justice, <u>Lara</u>, 216 F.3d at 493, Rodriguez does not argue that his deportation constituted such a miscarriage; and indeed it did not. Notably, he was not eligible for relief under the statute on which he relies because he was never lawfully admitted for permanent residence in the United States. 8 U.S.C. § 1182(c) (1995); <u>see</u> <u>Fedorenko v. United States</u>, 449 U.S. 490, 514-16 (1981), and <u>Matter of Longstaff</u>, 716 F.2d 1439, 1441 (5th Cir. 1983). We therefore lack jurisdiction to hear his appeal and must dismiss it.

DISMISSED.