**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-20249
Summary Calendar

CHRISTOFOROS G POLITIS

Plaintiff-Appellant

v.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; SHARON HUDSON, District Director for the 38th District; CHARLES ARENDALE, Field Office Director; DAVID LEONG, Deportation Officer

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3229

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Former immigration detainee Christoforos Politis, a native of Greece, proceeding pro se and in forma pauperis, filed a *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), civil suit alleging that several defendants, including Michael Chertoff, the Secretary of Homeland

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Security, had unconstitutionally detained him for an indefinite period of time and had refused to provide him with adequate medical care during this detention. The district court granted summary judgment to the defendants after concluding that it did not have personal jurisdiction over Chertoff, that the defendants were entitled to qualified immunity, and that Politis had failed to state a claim upon which relief could be granted.

Politis argues that the grant of summary judgment was inappropriate because the district court erred in not liberally construing his pleadings and in finding that it did not have personal jurisdiction over Chertoff. Politis also claims that the defendants retaliated against him by filing criminal charges for failure to cooperate in his deportation proceedings and by expeditiously deporting him to Greece; however these particular issues are independent from and not related to the claims that form the basis of this *Bivens* suit and are not properly before this court. *See Dollis v. Rubin*, 77 F.3d 777, 779 & n.2 (5th Cir. 1995); *Quezada v. INS*, 898 F.2d 474, 477 (5th Cir. 1990).

Politis was deported while this case was pending. Accordingly, to the extent that he seeks injunctive relief or specific performance to remedy his alleged wrongful detention, his claims are moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Politis fails to adequately brief those issues that are properly before this court, thus, they are considered abandoned. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1993). Politis's appeal lacks any issue of arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, we dismiss it as frivolous. *See* 5TH CIR. R. 42.2.

APPEAL DISMISSED.