# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

No. 13-50621

ROSA ALEJANDRA NIETO-RAMIREZ,

Plaintiff–Appellant,

versus

ERIC H. HOLDER, JR., U.S. Attorney General;
JEH CHARLES JOHNSON, Secretary, Department of Homeland Security;
ADRIAN MACIAS, Field Office Director, ICE;
JOSE LUIS GONZALEZ; ROBERT PITMAN,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-18

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM: *

Rosa Nieto-Ramirez appeals the denial of her petition for writ of habeas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50621

corpus challenging her detention without bail under 8 U.S.C. § 1226(c) and seeking a bond hearing. She maintains that the immigration judge ("IJ") and Board of Immigration Appeals ("BIA") erred in applying § 1226(c) to her case. But after the denial, Nieto-Ramirez voluntarily withdrew her appeal of pending removal proceedings and was deported to Mexico. As a result, she is no longer detained, and her requested bond hearing is of no use. Because this case is moot, we dismiss the appeal.

## I.

A citizen of Mexico and a permanent legal resident of the United States since 1996, Nieto-Ramirez was convicted in 2002 of marihuana importation and sentenced to three years of probation. In 2012, Immigration and Customs Enforcement ("ICE") began removal proceedings against her under 8 U.S.C. § 1227(a)(2)(A)(iii) and detained her without bond under 8 U.S.C. § 1226(c). The IJ denied her motion for release on bond. The BIA dismissed the appeal from the denial, explaining that § 1226(c) requires mandatory detention and that the IJ lacked the power to modify it.

Nieto-Ramirez also filed a habeas petition in federal court, again arguing only that § 1226(c)'s mandatory-detention requirement did not apply to her. The district court dismissed the petition, whereupon Nieto-Ramirez appealed.

While that appeal was pending, however, the removal proceedings continued, and the IJ ordered Nieto-Ramirez removed. Nieto-Ramirez initially appealed the order, then moved to withdraw the appeal. The BIA granted the motion, and ICE removed Nieto-Ramirez to Mexico.

## II.

We review issues of subject matter jurisdiction such as mootness *de novo*. *See Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009). Mootness is "the

doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). So, even where a party has standing at a suit's beginning, "if an event occurs while a case is pending on appeal that makes it impossible for a court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed."[1]

Nieto-Ramirez's habeas petition is moot because her claimed grounds for relief go only to her detention under 8 U.S.C. § 1226(c), not to the underlying removal proceeding or its collateral consequences.[2] Because she voluntarily withdrew her appeal and thus prompted her deportation, Nieto-Ramirez is no longer being detained by ICE. As a result, even if her claim had merit, this court could not effect the bond hearing that she seeks. *Id.*[3]

Nor is this a situation in which collateral consequences keep the case live for review. The collateral-consequences doctrine preserves habeas review for situations in which the petitioner is no longer detained but the claimed violation's adverse consequences continue. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998); *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry. But the doctrine is inapplicable here. Nieto-Ramirez cannot show any "concrete and continuing injury," resulting from the past detention, that defeats mootness. *Spencer*, 523 U.S. at 7. And a pretrial detention carries

---

[1] *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).

[2] *See Ortez v. Chandler*, 845 F.2d 573, 574–75 (5th Cir. 1988) (holding that habeas corpus challenge to a bond determination was moot after deportation).

[3] *See also Abdala v. INS*, 488 F.3d 1061, 1064–65 (9th Cir. 2007); *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

none of the continuing disabilities of a criminal conviction or deportation.[4]

In conclusion, Nieto-Ramirez's deportation eliminates this court's need to consider her detention under 8 U.S.C. § 1226(c). Because there is no case or controversy, the appeal is DISMISSED.

---

[4] *Fassler v. United States*, 858 F.2d 1016, 1018 n.3 (5th Cir. 1988); *see also Parker v. Estelle*, 498 F.2d 625, 629 (5th Cir. 1974).