# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2017

Lyle W. Cayce
Clerk

CARLOS MOLINA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 358 311

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Molina, a native and citizen of Mexico and formerly a lawful permanent resident of the United States, petitions this court for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to remand and dismissing his appeal from the immigration judge's ("IJ's") denial of his motion to reopen his removal proceedings. The BIA dismissed Molina's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal after determining that the departure bar in 8 C.F.R. § 1003.23(b)(1) eliminated the IJ's jurisdiction to consider Molina's motion.

As an initial matter, Molina argues that he was denied adequate appellate review because both the BIA and the IJ failed to address adequately whether he filed a timely motion to reopen under 8 C.F.R. § 1229a(c)(7). He contends that his motion was timely filed because the 90-day period for filing a motion to reopen should have been reset when the conviction supporting his removal was vacated. In the alternative, he argues that the filing period should have been equitably tolled because he sought reopening as soon as that conviction was vacated. Molina additionally asserts that the BIA engaged in impermissible fact-finding in determining that the departure bar precluded consideration of his motion to reopen. We lack jurisdiction to review those arguments because Molina failed to exhaust his claims by raising them properly before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Next, Molina argues that the BIA erred by dismissing his appeal based on the departure bar. He complains that the issue of the departure bar was not properly before the BIA. He also contends that the departure bar should not have been applied in his case. His arguments lack merit. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Ovalles v. Holder*, 577 F.3d 288, 295–97 (5th Cir. 2009). Molina concedes that his argument challenging application of the departure bar in cases involving a sua sponte motion to reopen on the ground that it violates his right under Section 1229a(c)(7) to file one motion to reopen is foreclosed by *Ovalles*. *See Garcia-Carias v. Holder*, 697 F.3d 257, 265 (5th Cir. 2012). His assertion that the departure bar should be inapplicable when an alien has been removed as the result of a defective proceeding based on a subsequently vacated conviction is foreclosed by *Ovalles*, 577 F.3d at 297, and *Quezada v. INS*, 898 F.2d 474, 476 (5th Cir. 1990).

No. 15-60749

In his reply brief, Molina argues that the departure bar prevents an alien from making a motion to reopen, but does not constrain the authority of the IJ to sua sponte reopen the proceedings.  He also contends that this court should reconsider its departure bar jurisprudence because it is based on the no-longer-applicable principle that an alien's removal renders his appeal moot.  Because Molina raised those arguments for the first time in his reply brief, we will not consider them.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Molina also argues that his motion to reopen should be granted because he is not removable.  Because the BIA did not address Molina's merits-based challenges to the IJ's denial of his motion for sua sponte reopening or dismiss his appeal on those grounds, we will not consider Molina's arguments.

Finally, Molina argues that the BIA erred by treating his motion to remand as a motion to reopen and denying that motion as time and number barred.  Molina has not shown error in this regard.  *See Wang v. Ashcroft*, 260 F.3d 448, 451–52 (5th Cir. 2001).

For the foregoing reasons, Molina's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.