Hamid EDOO

v.

John KAPLINGER, District Director, Ins.

No. Civ.A. 98–0211.

United States District Court, W.D. Louisiana, Alexandria Division.

Feb. 25, 1999.

John H. Thomas, New Orleans, LA, for Hamid Edoo, plaintiff.

*RULING*

LITTLE, Chief Judge.

Before this court is the report of the magistrate recommending that we dismiss for lack of subject matter jurisdiction Edoo's habeas corpus petition, which challenges the constitutionality of his removal proceedings and the Attorney General's discretionary decision not to grant him relief from removal. We decline to adopt the magistrate's report, but, nonetheless,

arrive at the same conclusion. Edoo's petition is DISMISSED with prejudice.

## I. *BACKGROUND*

Edoo, a citizen of Guyana and former permanent resident alien of the United States, was convicted of a drug offense in the State of New York. Based on this conviction, the INS commenced removal proceedings pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) and ordered him removed on 26 August 1996. His appeal to the BIA was dismissed as untimely on 23 September 1996. Edoo filed the instant habeas corpus petition under 28 U.S.C. § 2241 on 3 February 1998.

Edoo alleges that (1) he should have been granted discretionary relief from deportation under INA § 212(c); (2) he received ineffective assistance of counsel at his removal hearing in violation of his Fifth Amendment rights; (3) this ineffective assistance also violated his Sixth Amendment rights; and (4) he was not apprised at his guilty plea to the drug charge that a conviction would expose him to removal by the INS, also apparently amounting to ineffective assistance of counsel in violation of the Fifth and Sixth Amendments. The magistrate recommends that we dismiss Edoo's petition because we lack jurisdiction over his claims under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), and *Thomas v. INS*, 975 F.Supp. 840 (W.D.La.1997). Specifically, the magistrate's report finds that (1) IIRIRA § 306(g) (codified at 8 U.S.C. § 1252(g)) deprives us of "jurisdiction to hear any cause or claim" arising from a removal order or action of the Attorney General; (2) IIRIRA § 306(a)(2)(C) (codified at 8 U.S.C. § 1252(a)(2)(C)) removes our jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" the controlled substance offense Edoo is convicted of

committing; (3) IIRIRA § 306(a)(2)(B)(ii) (codified at 8 U.S.C. § 1252(a)(2)(B)(ii)) removes from our review any discretionary decision by the Attorney General; and (4) *Thomas* restricts our § 2241 habeas jurisdiction only to matters that do not challenge the validity of a deportation order (collateral matters) and that indicate "grave constitutional errors."

## II. *ANALYSIS*

Without analysis, the magistrate's report relied on three of IIRIRA's permanent provisions: the general ban on judicial review, the more specific ban on judicial review of criminal alien removal orders, and the ban on judicial review of discretionary decisions of the Attorney General. These IIRIRA sections do not all, however, apply to Edoo's claim.

### A. What Law to Apply
#### 1. IIRIRA

IIRIRA included detailed, if confusing, instructions on the application of its provisions. It established an effective date of 1 April 1997 for its permanent provisions, and established "transitional rules" to govern cases under INS consideration on the date of IIRIRA's passage. *See Ibrik v. INS*, 108 F.3d 596, 597 (5th Cir. 1997). Edoo's petition became final before IIRIRA was even passed, so in general neither the permanent nor the transitional rules apply to his case.

Congress specifically instructed, however, that IIRIRA § 306(g)'s general bar on any court's "jurisdiction to hear any cause or claim" arising from a removal order should apply "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act." IIRIRA § 306(c)(1). This court has previously decided that Congress clearly intended this jurisdictional ban to apply to all removal orders, regardless of when they became final.[1] Thus, while IIRIRA's general bar on jurisdiction does apply to Edoo's claim, neither

---

1. *See Amerson v. INS*, 36 F.Supp.2d 339, 340–42 (W.D.La.1998).

IIRIRA's specific ban on judicial review of criminal alien removal orders (§ 306(a)(2)(C)) nor its ban on judicial review of discretionary decisions (§ 306(a)(2)(B)(ii)) applies to Edoo's case.

## 2. AEDPA

█ Although the magistrate's report mentioned AEDPA, it did not rely on any of its provisions in dismissing Edoo's case. But Congress intended at least some of AEDPA's provisions to apply to cases pending with the INS on the date of AEDPA's passage, 24 April 1996. Edoo's case was pending with the INS on that date, and one of AEDPA's provisions is relevant to our analysis. AEDPA § 440(a) mirrors IIRIRA's specific ban on judicial review of criminal alien deportation orders.[2] The Fifth Circuit has already decided that this section of AEDPA applies to cases, such as Edoo's, pending on the date of its enactment. *See Mendez–Rosas v. INS*, 87 F.3d 672, 676 (5th Cir.1996). Thus, AEDPA's specific ban on judicial review of a criminal alien's deportation order applies to Edoo's petition.

## B. Jurisdiction After IIRIRA and AEDPA

### 1. Over Constitutional Claims

█ We must now decide whether these sections, IIRIRA § 306(g) and AEDPA § 440(a), deprive us of jurisdiction to review Edoo's petition.[3] We recently addressed the effect of IIRIRA § 306(g) in combination with IIRIRA § 309(c)(4)(G).[4] In *Amerson v. INS*, 36 F.Supp.2d 339 (W.D.La.1998), a criminal alien alleged constitutional errors in her deportation proceedings and applied to this court for habeas corpus relief under § 2241. The magistrate recommended that we dismiss her petition for the same reasons stated in this case. We disagreed.

We concluded, as have other courts, that the Constitution requires at least some judicial review over INS proceedings. *See id.* at 340–42. Because Congress specifically barred the circuit courts from reviewing criminal alien removal orders on direct appeal, we decided that judicial review in the form of collateral attack on INS proceedings must remain in the district court under the general habeas corpus statute, 28 U.S.C. § 2241. *See id.* In the absence of Fifth Circuit precedent, we followed the First,[5] Second,[6] and Ninth[7] Circuits and held that IIRIRA § 306(g) does not strip this court of § 2241 habeas jurisdiction because § 306(g) does not specifically mention § 2241 in its limitation on judicial review, and repeal by implication is strongly disfavored. *See Felker v. Turpin*, 518

---

**2.** AEDPA § 440(a) provides that "[a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal [including the offense for which Edoo was convicted] shall not be subject to review by any court." IIRIRA repealed this section and replaced it with IIRIRA § 306(a)(2)(C), the section erroneously relied on by the magistrate. In this respect, the magistrate's error is purely academic, as both sections have the same practical effect.

**3.** The magistrate's report also relied on *Thomas v. INS*, 975 F.Supp. 840 (W.D.La.1997). We recently rejected the reasoning of that opinion. In *Amerson*, we disputed the *Thomas* court's reading of Fifth Circuit precedent that led it to limit its § 2241 habeas jurisdiction to only those petitions challenging "collateral matters." We also disagreed with its conclusion that its jurisdiction over these collateral matters was limited to those raising grave constitutional issues. We again decline to follow its conclusions.

**4.** This is one of IIRIRA's transitional rules, which provided that "there shall be no appeal" of criminal alien removal orders. *See* IIRIRA § 309(c)(4)(G). It is nearly identical to AEDPA § 440(a).

**5.** *See Goncalves v. Reno*, 144 F.3d 110 (1st Cir.1998), *petition for cert. filed*, 98–835 (Nov. 18, 1998).

**6.** *See Henderson v. INS*, 157 F.3d 106 (2d Cir.1998), *petition for cert. filed*, 98–996 (Dec. 17, 1998), 98–1160 (Jan. 19, 1999).

**7.** *See Magana–Pizano v. INS*, 152 F.3d 1213, *amended*, 159 F.3d 1217 (9th Cir.1998) (per curiam), *petition for cert. granted*, —— U.S. ——, 119 S.Ct. 1137, 143 L.Ed.2d 206 (1998).

U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Retaining § 2241 habeas jurisdiction also avoids the serious constitutional questions that would be raised by legislation stripping away all possibility of judicial review over criminal alien removal orders. *See Amerson*, at 340–43. Finally, we concluded that the scope of our review under § 2241 extends at least to the constitutional claims of criminal aliens. *See id.* at 343–44. Review of constitutional issues is consistent with the use of the Great Writ to protect against Executive abuses and properly guarantees the due process of law. *See id.* at 344–45.

The effect of AEDPA and IIRIRA on the jurisdiction of Article III courts to review INS decisions has been the subject of a growing split in the circuits. In *Amerson*, we found persuasive the position of the First, Second, and Ninth Circuits; the Third Circuit recently endorsed this position. *See Sandoval v. Reno*, 166 F.3d 225 (3rd Cir.1998). These four circuit courts go on to hold that a district court's § 2241 habeas jurisdiction must also extend to pure questions of law in order to protect the core function of habeas corpus. *See Sandoval*, at 238; *Henderson*, 157 F.3d at 121–22; *Magana–Pizano*, 152 F.3d at 1221; *Goncalves*, 144 F.3d at 124–25. The Seventh and Eleventh Circuits disagree, and hold that either AEDPA § 440(a) or IIRIRA § 306(g) *did* repeal the district courts' § 2241 habeas jurisdiction, and that review over criminal alien deportation orders lies only in the circuit courts. *See LaGuerre v. Reno*, 164 F.3d 1035, 1040–41 (7th Cir.1998); *Yang v. INS*, 109 F.3d 1185, 1195 (7th Cir.), *cert. denied sub. nom. Katsoulis v. INS*, —— U.S. ——, 118 S.Ct. 624, 139 L.Ed.2d 605 (1997); *Richardson v. Reno*, 162 F.3d 1338, 1375–

78 (11th Cir.1998). The scope of this review includes constitutional issues, *see La-Guerre*, at 1040 (noting that "the deportee can seek review of constitutional issues in the court of appeals directly"), and some questions of law. *See LaGuerre*, at 1040–41 ("It seems unlikely that Congress would have wanted the Board to have the final word on so pure and fundamental a question of law as when the statute went into effect."); *see also Richardson*, at 1375–77.

"Neither approach is without problems in terms of the text [of the statutes] and legislative history...." *Henderson*, 157 F.3d at 119 n. 9. The Seventh Circuit in *LaGuerre* criticizes the circuits we have followed for relying too heavily on the presumption against repeal by implication in the face of Congress's clear intent to consolidate judicial review in the circuit courts. *See LaGuerre*, at 1039–40. For the Seventh and Eleventh Circuits to find jurisdiction in the circuit courts over even constitutional issues, though, requires reliance on "the presumption that executive resolutions of constitutional issues are judicially reviewable[,]" *see LaGuerre*, · at 1040, despite the clear language of the statute that a criminal alien's deportation order "shall not be subject to review by any court." AEDPA § 440(a); *see also* IIRIRA § 306(a)(2)(c).[8] Under either interpretation, then, a court must rely on some judicially created presumption to cabin the statutes' language within the bounds of the Constitution. Absent controlling Fifth Circuit precedent to the contrary, we adhere to our prior decision in *Amerson*, and the four circuits that now take the same position, and again hold that we have jurisdiction under § 2241 to review Edoo's constitutional challenges to the removal proceedings.[9]

---

**8.** Although the circuits split over *where* a criminal alien must go for relief, at base, advocates of both positions seem to agree that Congress cannot within the bounds of the Constitution completely strip away from every Article III court the jurisdiction to review constitutional challenges to INS removal proceedings. They furthermore essentially agree that the *scope* of review includes not only

constitutional questions, but at least some questions of law as well.

**9.** We are mindful of the Fifth Circuit's subsequent opinion in *Humphries v. Various Federal U.S. INS Employees*, 164 F.3d 936 (5th Cir.1999). *Humphries* held that IIRIRA held that IIRIRA § 306(g) (codified at 8 U.S.C. § 1252(g)), repealed a district court's jurisdic-

#### 2. Over Discretionary Challenges

█ Edoo also alleges error in the denial of his application for discretionary relief from deportation. We must therefore decide if our § 2241 habeas jurisdiction also includes review over discretionary decisions after AEDPA and IIRIRA. The Fifth Circuit gives no guidance on this question. Although *Amerson* and the decisions relied upon therein do not specifically reach this issue either, a logical extension of the reasoning followed there leads us to an answer.

The *Henderson* court found that Congress intended IIRIRA to make "the law now … much like it was prior to enactment of the INA," when deportation orders were "nonreviewable to the fullest extent possible under the Constitution." *Henderson v. INS*, 157 F.3d 106, 119 (2d Cir.1998); *cf. Heikkila v. Barber*, 345 U.S. 229, 234–35 (1953) (finding that the INA's precursor "clearly had the effect of precluding judicial intervention in deportation cases except insofar as it was required by the Constitution."). On this view, if the constitution has historically required habeas review over discretionary decisions by executive agencies, we retain jurisdiction to review such claims under § 2241 now. Thus, we retain § 2241 habeas jurisdiction over constitutional claims because such claims lie within the core habeas protection provided by § 2241. *See Sandoval*, at 238; *Henderson*, 157 F.3d at 120–22; *Magana–Pizano*, 152 F.3d at 1220; *Goncalves*, 144 F.3d at 124–25. If, however, review of discretionary claims has not historically been guaranteed, Congress can, and did, with the passage of AEDPA and IIRIRA, remove such claims from our review under § 2241.

It seems well established that the Constitution has not historically required judicial review of merely discretionary decisions. "[T]he Supreme Court long ago made it clear that [the Constitutional Writ, unaided by statute] does not offer what our petitioners desire: review of discretionary decisions by the political branches of government." *Yang v. INS*, 109 F.3d 1185, 1195 (7th Cir.1997) (collecting cases).[10] As such, our § 2241 habeas jurisdiction, limited by IIRIRA, does not include jurisdiction to review discretionary decisions of the Attorney General. Edoo's challenge to the Attorney General's denial of his request for cancellation of removal is, therefore, DISMISSED with prejudice for lack of subject matter jurisdiction.

#### C. The Merits of Edoo's Constitutional Claims

█ We can quickly dispose of the merits of Edoo's constitutional claims. As the magistrate points out in a footnote to his report, none of the remaining claims are cognizable habeas challenges to deportation proceedings. Edoo's Fifth Amendment Due Process claim, that his attorney rendered ineffective assistance by failing timely to file his appeal, has previously been rejected by the Fifth Circuit. *See Miranda–Lores v. INS*, 17 F.3d 84, 85 (5th Cir.1994). His Sixth Amendment claim is untenable because deportation proceedings are civil; he, therefore, has no right to assistance of counsel. Finally, the Fifth Circuit has decided that counsel's failure to warn of possible deportation in criminal proceedings is a collateral consequence that does not amount to ineffective assistance of counsel. *See United States v. Banda*, 1 F.3d 354 (5th Cir.1993). In sum,

tion to hear an alien's civil rights claim under some circumstances. That opinion specifically expressed "no opinion on the extent to which other federal statutes (most notably 28 U.S.C. § 2241) might limit the application of § 1252(g)." *Id.* at 942 n. 6. Because Edoo's petition was filed under § 2241, *Humphries* cannot inform our decision in this case.

**10.** As noted, *Yang* held that IIRIRA § 306(g) *did* repeal the district courts' § 2241 habeas jurisdiction, necessitating the its discussion of what it viewed as a criminal alien's only remaining remedy, the Constitutional Writ, unaided by statute. *See Yang*, 109 F.3d at 1195.

Edoo's constitutional claims are meritless and are DISMISSED with prejudice.