### Henry Rivera CHAVEZ

v.

### UNITED STATES IMMIGRATION AND NATURALIZATION SERVICES, et al.

No. CIV.A. 98–1121.

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 31, 1999.

Henry Rivera Chavez, Avoyelles Parish Jail, Marksville, LA, pro se.

Katherine W Vincent, U.S. Atty's Office, Lafayette, LA, Kathryn W Becnel, U.S. Atty's Office, New Orleans, LA, Tara B Cochran, Office of Rodney M Rabalais, Marksville, LA, for John B Z Caplinger, Janet Reno, Warden Jail of Avoyelles Parish, defendants.

---

## RULING

LITTLE, Chief Judge.

Before this court is the report of the magistrate recommending that we dismiss Chavez' habeas corpus petition. The magistrate states two grounds for dismissal: this court lacks jurisdiction over his claims and his claims are moot because he has been deported. We disagree with the magistrate's mootness recommendation, but agree that we lack jurisdiction over his petition. Chavez' habeas corpus petition is therefore DISMISSED with prejudice.

## I. BACKGROUND

Chavez entered the United States on 16 February 1989 and apparently gained permanent resident alien status on 10 April 1990. On 10 January 1995, Chavez was convicted in a Florida state court for possession of cocaine; he served a sentence of two days. Based on this conviction, the INS arrested Chavez on 9 April 1997 and ordered his removal on 23 July 1997. Despite his request for release on bond, he was detained pending removal. Chavez' application for asylum was denied on 15 October 1997. Chavez filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Florida on 9 December 1997; his petition was then transferred to the Eastern District of Louisiana in January of 1998, and to this court in June of 1998. Chavez' order of removal became final on 10 March 1998 when the Board of Immigration Appeals dismissed his appeal. On 31 March 1998, Chavez was removed from the United States. His petition challenges the denial of his bond request, the denial of his application for relief from deportation, and the denial of his application for asylum.

## II. MOOTNESS

We cannot agree with the magistrate that the removal of Chavez from the country moots his habeas petition. This recommendation is based on cases interpreting 8 U.S.C. § 1105(a)(c) (repealed), which provided that a resident alien's habeas corpus petition becomes moot upon his deportation. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 ("IIRIRA") repealed this section, and because Chavez entered deportation proceedings after IIRIRA's effective date of 1 April 1997, the repeal is effective with respect to his case. Section 1105(a)(c) therefore cannot form a basis to dismiss Chavez' petition for mootness.

Two matters bear mentioning before we address the magistrate's determination that IIRIRA deprived us of jurisdiction to hear Chavez' claims. First, we note that the fact that Chavez has been deported, and is thus no longer "in custody," does not disqualify him from habeas relief. Although § 2241 requires an applicant to be "in custody" in order to qualify for relief under the statute, Chavez was in custody when he filed his petition, and that is all the law requires. *See Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 299–300, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *Umanzor v. Lambert,* 782 F.2d 1299, 1301 (5th Cir.1986). Our jurisdiction attached at that point.

Second, we note that Chavez' removal does not moot his habeas corpus petition. Unlike the "in custody" requirement of § 2241, an actual case or controversy must exist at all times throughout the litigation. *See Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir.1998). The Fifth Circuit has held that such a case or controversy continues to exist even after a habeas petitioner has been deported if he still retains a stake in the outcome of the litigation:

a prisoner's release from custody does not moot his habeas petition where he could suffer adverse collateral consequences, that is, disabilities or burdens which may flow from his conviction that give him a substantial stake in the judgment of conviction, one which survives the satisfaction of the imposed sentence.

*Umanzor,* 782 F.2d at 1301 (quoting *Escobedo v. Estelle,* 655 F.2d 613, 615 (5th Cir.1981)). The Fifth Circuit has decided that a deported alien faces just such collateral consequences: "he is ineligible for a visa and can be found guilty of a felony (punishable by fine and imprisonment) for his efforts [to reenter the country]." *Quezada v. INS,* 898 F.2d 474, 476 (5th Cir. 1990).

We recognize that the Supreme Court has narrowed the collateral consequences doctrine since the Fifth Circuit decided these cases. In *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), the Court eliminated any presumption in favor of adverse collateral consequences and requiring a petitioner to demonstrate concrete injuries-in-fact. *See id.* at 986. The adverse collateral consequences arising for a deported alien, however, need not be presumed. As noted in *Quezada,* Chavez is ineligible for a visa to return to the country, on pain of a felony conviction. This is the sort of "concrete disadvantage [ ] ... imposed as a matter of law" that *Spencer* approved of as falling within the proper scope of the collateral consequences doctrine. *See Spencer,* 118 S.Ct. at 983. Chavez' deportation therefore did not moot his habeas petition.

### III. JURISDICTION

■ The magistrate recommended in his report that we dismiss all of Chavez' claims because we lack jurisdiction over them under the Immigration and Nationality Act, 8 U.S.C. §§ 1101–1646 ("INA"), as amended by IIRIRA.[1] We agree. The three orders that Chavez challenges are all "discretionary" decisions of the Attorney General. *See* 8 U.S.C. § 1226(a)(2)(A) ("[T]he Attorney General ... may release the alien on bond ...."); 8 U.S.C. § 1229b(a) ("The Attorney General may cancel removal ...."); 8 U.S.C. § 1158(b)(1) ("The Attorney General may grant asylum to an alien ...."). IIRIRA amended the INA to remove the jurisdiction of this court, or any court, to review such discretionary decisions: "[N]o court shall have jurisdiction to review ... any other decision or action of the Attorney General ... to be in the discretion of the Attorney General, other than the granting of relief under section 208(a) [8 U.S.C. § 1158(a) ]." 8 U.S.C. § 1252(a)(2)(B)(ii).

Although IIRIRA did not completely strip away our § 2241 habeas jurisdiction, *see Amerson v. INS,* 36 F.Supp.2d 339, 343–344 (W.D.La. 1998), it did limit our judicial review of INS decisions to only what the Constitution has historically required to maintain the core protection of habeas corpus. *See Edoo v. INS,* 47 F.Supp.2d 769, 773 (W.D.La. Feb. 25, 1999). Such review includes challenges to the constitutionality of the INS proceedings, *see Amerson,* at 344–45, but does not include challenges to the discretionary decisions of the Attorney General. *See Edoo,* at 773. Our jurisdiction over Chavez' habeas claims has, therefore, been eliminated by the quoted section of the INA, as amended by IIRIRA.[2] His habeas petition is DISMISSED with prejudice.

---

1. Chavez entered removal proceedings after the April 1, 1997 effective date of IIRIRA. Its permanent provisions therefore apply to his case.

2. Although 8 U.S.C. § 1252(a)(2)(B) specifically exempts asylum decisions from its general statutory bar, it exempts only challenges to the *grant* of asylum. Chavez, of course, challenges the denial of his asylum request, and does not fall within the exemption from the general bar on judicial review of discretionary decisions.