**Victor M. RAMIREZ, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 99 Civ. 8571 HB AJP.**

United States District Court,
S.D. New York.

Feb. 16, 2000.

Victor M. Ramirez, Oakdale, LA, petitioner pro se.

Mary Jo White, U.S. Attorney, S.D.N.Y., for respondent.

## ORDER

BAER, District Judge.

I referred this habeas corpus petition to Magistrate Judge Peck on September 24, 1999. On October 29, 1999, Judge Peck issued a Report and Recommendation which recommends that petitioner's request for habeas relief be dismissed.

The Report and Recommendation advised the parties of their obligation to file timely objections under Rule 72 of the Federal Rules of Civil Procedure. To date, no objections have been received.

I have found no clear error in the Report and Recommendation. Therefore, I adopt the Report and Recommendation in all respects and direct the Clerk of the Court to close this case.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Petitioner Victor M. Ramirez brought this petition for a writ of habeas corpus against the Immigration & Naturalization Service, attacking the validity of his removal (*i.e.,* deportation) order. Before the government's response to the petition was due, Ramirez was deported. Accordingly, for the reasons set forth below, Ramirez's petition should be dismissed as moot.

## FACTS

Ramirez's pro se habeas corpus petition was received by this Court's Pro Se Office on June 1, 1999. The petition alleges that the INS initiated removal proceedings against Ramirez, a citizen of the Dominican Republic, after his New York conviction for sale of a controlled substance. (Pet. at 1.) The INS transferred Ramirez to the Federal Detention Center ("FDC") in Oakdale, Louisiana. (Pet. at 2–3.) An immigration judge ordered Ramirez removed by decision dated August 10, 1998, affirmed by the Board of Immigration Appeals ("BIA") on March 8, 1999. (Pet. at 2.) On May 6, 1999, the Fifth Circuit dismissed Ramirez's petition for a stay of deportation and review of the BIA's decision. (Pet. at 2 & Ex. A.) Ramirez's current petition alleges that his transfer from New York to Louisiana:

> disadvantaged him, notwithstanding he was ordered removed in the State of Louisiana without being given an opportunity to apply for any discretionary relief whatever witnesses evidences, documentation as well as affordable legal representation that would be available to assist Mr Ramirez would be located in the State of New York.

(Pet. at 2.)

On October 12, 1999, the Court ordered the INS to respond to the petition by November 8, 1999. On October 21, 1999, the copy of that Order that had been mailed to Ramirez at the FDC in Louisiana was received by the Court marked "return to sender." Upon further inquiry, the Court's staff was informed by an INS clerk that Ramirez was removed on July 21, 1999 and that the INS has no forwarding addressing for Ramirez.

## ANALYSIS

All of the federal habeas corpus statutes—28 U.S.C. §§ 2241, 2254, 2255—re-

quire the petitioner to be "in custody" when the habeas petition is filed. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968); *Maung v. McElroy*, 98 Civ. 5380, 1998 WL 896709 at *2 (S.D.N.Y. Dec.10, 1998) (Stein, D.J. & Peck, M.J.).

As long as a habeas petition was filed in federal court at a time when the petitioner was in custody, the petition is not necessarily mooted by the petitioner's release from custody prior to final adjudication of the petition. *Carafas v. LaVallee*, 391 U.S. at 237–40, 88 S.Ct. at 1559–61; *see also, e.g., Spencer v. Kemna*, 118 S.Ct. at 983 (petitioner "was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision ... requires."); *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). The petition is moot, however, if there exist no "collateral consequences adequate to meet Article III's injury-in-fact requirement." *Spencer v. Kemna*, 118 S.Ct. at 986.

The Supreme Court recently narrowed the collateral consequences doctrine in *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), where the Supreme Court "criticized its own precedents establishing the presumption of collateral consequences in challenges to a criminal conviction. And, more specifically, the [Supreme] Court held that the presump-

tion does not extend to the parole revocation context." *United States v. Probber*, 170 F.3d 345, 348 (2d Cir.1999) (describing *Spencer*); *see also United States v. Mercurris*, 192 F.3d 290, 292–93 (2d Cir.1999). Instead, the Supreme Court required the petitioner to demonstrate concrete injury-in-fact. *Spencer v. Kemna*, 118 S.Ct. at 986; *see also, e.g., United States v. Probber*, 170 F.3d at 348.

Collateral consequences may flow from an order of removal. For example, a deported alien may be found guilty of a felony if he attempts to reenter the United States. *See, e.g., Quezada v. INS*, 898 F.2d 474, 476 (5th Cir.1990) (pre-*Spencer* case holding that ineligibility for visa and possibility of being found guilty of a felony if deported alien attempted to reenter U.S. constituted sufficient collateral consequences to meet Article III case or controversy requirement). In light of *Spencer*, however, this Court is unwilling to presume such consequences in this case. In *Sule v. INS*, No. 98–1090, 189 F.3d at 478 (table), 1999 WL 668716 at *2 (10th Cir. Aug.27, 1999), the Tenth Circuit stated that "we strongly suspect that deportation may, as a matter of law, always entail collateral consequences." The Tenth Circuit dismissed the petition as moot, however, because petitioner "failed to advance any argument regarding collateral consequences, and even though he appears pro se, we cannot make this argument for him." *Id.*[1] Here, as in *Sule*, "[t]here being

---

1. *But see Chavez v. INS*, 55 F.Supp.2d 555, 557 (W.D.La.1999) (post-*Spencer* case holding that deportation has collateral consequences as a matter of law, but dismissing petition on other grounds). The district courts in this Circuit would appear to disagree with *Chavez*. In cases involving § 2254 or § 2255 habeas petitions challenging state or federal criminal convictions, "courts in this District have held that a petitioner who is deported to another country cannot, as a matter of law, suffer from the types of adverse collateral consequences that render an application for habeas corpus [not] moot. This is because a petitioner who is not a citizen is not subject to such adverse collateral consequences [as the inability to vote or serve as a juror] and is not

subject to any restraints by the Government. Thus, a district court does not retain jurisdiction over a petitioner who is no longer physically confined and has been deported to another country." *Garcia v. McCoy*, 97 Civ. 1131, 1998 WL 288625 at *1 (S.D.N.Y. June 2, 1998) (internal citations omitted); *accord, e.g., Knight v. Murray*, 97 Civ. 6908, 1999 WL 493371 at *1 (S.D.N.Y. July 12, 1999); *see also, e.g., Carr v. People of State of New York*, No. 97 CV 117, 1998 WL 178844 at *1–2 (E.D.N.Y. Feb.13, 1998) (petitioner "is no longer in custody under his state conviction, but is in a foreign country beyond the jurisdiction of this court. He suffers no present restraint from his conviction."); *Borbon v. United States*, 95 Civ. 1552, 88 Cr. 523, 1995

no presumption of collateral consequences, [petitioner] must bear the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." *United States v. Mercurris,* 192 F.3d 290, 294–95; *see also, e.g., Spencer v. Kemna,* 118 S.Ct. at 986; *United States v. Probber,* 170 F.3d at 348. Accordingly, since Ramirez has failed to allege that he suffers any injury-in-fact as a result of the executed removal order, his petition should be dismissed as moot.[2]

The Court notes that practical considerations support finding petitions moot under these circumstances. Ramirez brought this petition pro se. The Court has not heard from Ramirez since his removal, has no current address for Ramirez, and hence has no way to contact him. Ramirez does not know he has the burden of demonstrating "concrete and continuing injury," and so cannot meet his burden. This likely will apply to future pro se petitioners challenging removal orders, so only petitioners represented by counsel are likely to be able to continue with their habeas petitions after removal.[3] It makes little sense, however, to adjudicate the petition in a petitioner's absence where there is no way to contact the petitioner. For example, if this Court were to issue a Report and Recommendation denying the petition on grounds other than

mootness, the petitioner would not be able to file objections with the District Judge or, if the Report were adopted, file a timely notice of appeal to the Second Circuit. Thus, as a practical matter, it makes sense to dismiss the petition as moot in the petitioner's absence because of his removal.

### CONCLUSION

For the reasons set forth above, Ramirez's petition should be dismissed as moot.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.[4] *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Stein. Failure to file objections will result in a

WL 390125 at *1 (S.D.N.Y. July 3, 1995) ("Since he is no longer in this country, he is not currently under any form of restraint by the United States government. Nor, given that he is not a United States citizen and is no longer residing in this country, is [petitioner] subject to any conceivable adverse collateral consequences resulting from his conviction."); *Gomez–Arboleda v. United States,* 93 Civ. 4757, 89 Cr. 644, 1993 WL 512838 at *1 (S.D.N.Y. Dec.9, 1993) (dismissing § 2255 habeas petition as moot since "not only was [petitioner] released from custody, he was deported as well. This Court agrees with the Government that it is hard to imagine what adverse collateral consequences [petitioner] could suffer under these circumstances."), *aff'd mem.,* 17 F.3d 391 (table) (2d Cir.1993). Whether these prior decisions in this District or the *Chavez* decision are the more accurate "assumption," the Court agrees with the

Tenth Circuit's *Sule* approach for the practical reasons discussed in the text on page 5.

2. The Court notes that prior to enactment of the Illegal Immigration Reform and Immigration Responsibility Act of 1996, courts in this Circuit dismissed habeas petitions challenging final removal orders once the alien was deported, relying on 8 U.S.C. § 1105a(c) (repealed 1996). *See, e.g., Maung v. McElroy,* 1998 WL 896709 at *2 (collecting cases).

3. Or, of course, the pro se petitioner can notify the Court of his or her foreign address after removal. In the Court's experience, that does not happen.

4. The Court notes that while it is serving this Report and Recommendation on Ramirez's last address in INS custody, it is unlikely to reach Ramirez.

waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).