**Ernest Stephen JOHNSON, Petitioner,**

v.

**Janet RENO, United States Attorney General, et al. Respondents.**

**No. 00CIV2467RMBDFE.**

United States District Court,
S.D. New York.

May 24, 2001.

Ernest Stephen Johnson (pro se), Cambridge, MA, for plaintiff.

Krishna R. Patel, Assistant United States Attorney, New York City, NY, for defendant.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

On March 31, 2000, Ernest Stephen Johnson ("Petitioner" or "Johnson"), a resident of the United States and a citizen of Jamaica, *pro. se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his deten-

tion and removal proceedings by the Immigration and Naturalization Services ("INS") and asking that he be returned to the State of New York from INS custody in Oakdale, Louisiana and granted bail in the amount of $1500 or less. On December 16, 1998, INS had issued a Notice to Appear charging Johnson with being removable from the United States for the following reasons, among others: (1) being "an aggravated felon in accordance with [§ ]101(a)(43)(B) of the [Immigration and Nationality Act ("INA")]; (2) illicit trafficking in a controlled substance[,] [§ ]237(a)(2)(A)(iii); and (3) violation of the law relating to a controlled substance, [§ ]237(a)(2)(B)(i)..."[1] (*See* Petition at 4). On June 30, 1999, an Immigration Judge sustained the charges and ordered Johnson deported. (*See* U.S. Department of Justice letter to Honorable Douglas F. Eaton, United States Magistrate Judge, at 53).

In his Petition, Johnson alleges that he is entitled to habeas relief because: (1) the INS's refusal to allow him to seek a waiver of deportation under § 212(c) of the INA was a violation of his procedural due process and substantive due process rights under the 5th Amendment of the United States Constitution and his equal protection rights under the 14th Amendment of the United States Constitution; and (2) INA § 212(c) and § 212(h) are unconstitutional as applied to Petitioner and contrary to the plain meaning of the statute. (*See* Petition at 10).

On May 7, 2001, Magistrate Judge Eaton, to whom the matter had been referred, issued a report and recommendation ("Report"), recommending that the Petition be denied. Magistrate Judge

---

1. On December 1, 1998, Johnson pled guilty to heroin distribution in the West Roxbury District Court (Massachusetts). (AR 139, 141, 163). On May 17, 2000, his motion to withdraw his guilty plea and to have a new trial was granted by the West Roxbury District Court. (*See* Report at 1–2). On April 17, 2001, the West Roxbury District Court issued a "continuance without finding."

Eaton determined that "[s]ince the INS proceedings have been terminated and Johnson is no longer in INS custody, I recommend that Judge Berman deny Mr. Johnson's habeas petition as moot." [2] (*See* Report at 3). A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody. *See Ramirez v. INS*, 86 F.Supp.2d 301 (S.D.N.Y.2000) (petition is moot if petitioner is no longer in custody); *see also Jones v. Holder*, No. 00 Civ. 6864 (S.D.N.Y. Feb. 6, 2001) ("As Petitioner is not presently in custody the 'case or controversy' that may have existed at the time of filing of the instant proceeding no longer exists.")

The Report clearly stated that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy, by filing written objections..." and that "[f]ailure to file objections within 10 business days will preclude appellate review." (*See* Report at 3). Neither party has filed objections or requested an extension of time.

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation applies the standards contained in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), which permit the court to adopt those parts of the report to which no specific objection is raised. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). With respect to those parts of the report to which any party objects, the court must make a *de novo* determination. *See United States v. Raddatz*, 447 U.S. 667, 673–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980);

*Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir.1989). If neither party objects to the report, the Court "need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted); *see also Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept Report if it is "not facially erroneous.")

## III. Conclusion and Order

The Court finds that there is no clear error on the face of the record and that the Report is not facially erroneous.

Accordingly, the Court adopts the Magistrate Judge's Report in its entirety and denies Johnson's Petition as moot. *Jones v. Holder*, No. 00 Civ. 6864 (S.D.N.Y. Feb. 6, 2001).

The Clerk of the Court is respectfully directed to close this case.

---

**2.** Since Johnson's 1998 drug conviction was the basis for the INS proceedings and since his motion for a new trial was granted on May 17, 2000, the INS terminated the removal proceedings and released Johnson in August 2000. (*See* Report at 2).