Kenneth **HARVEY**, Petitioner,

v.

Eric **HOLDER**, U.S. Attorney General; Michael Phillips, Facility Office Director of Buffalo Federal Detention Facility; Todd Tryon, Assistant Office Director of Buffalo Federal Detention Facility; and Mr. Leising, Assigned Deportation Officer, Respondents.

No. 14–CV–6445–EAW.

United States District Court, W.D. New York.

Signed Dec. 8, 2014.

Kenneth harvey, Batavia, NY, pro se.

Gail Y. Mitchell, U.S. Attorney's Office, Buffalo, NY, for Respondents.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Kenneth Harvey ("Petitioner"), commenced this habeas proceeding pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the Department of Homeland Services Immigration and Customs Enforcement ("DHS/ICE") violated his federal constitutional rights under the Fifth and Fourteenth Amendments. (Dkt. 1 at 4).

Petitioner, a citizen of St. Kitts–Nevis, was admitted to the United States on or about January 1, 1991, as a lawful permanent resident. (Dkt. 4 at ¶ 3; Dkt. 4–1 at ¶ 5; Dkt. 4–2 at 22). On October 28, 1999, Petitioner was convicted in the Supreme Court, State of New York, New York County, of criminal sale of a controlled substance in the fifth degree, and was sentenced to a term of incarceration of 2.5 to 5 years. (Dkt. 4 at ¶ 4(a); Dkt. 4–1 at ¶ 6; Dkt. 4–2 at 19–21). On December 23, 1998, Petitioner was convicted in the County Court of the State of New York, County of Rockland, of criminal sale of a controlled substance in the second degree, and was sentenced to a term of incarceration of 6 years to life. (Dkt. 4 at ¶ 4(b); Dkt. 4–1 at ¶ 6; Dkt. 4–2 at 19–21). On December 23, 1998, Petitioner was convicted in the County Court of the State of New York, County of Rockland, of criminal possession of a weapon in the third degree, and was sentenced to a term of incarceration of 3 years. (Dkt. 4 at ¶ 4(c); Dkt. 4–1 at ¶ 6; Dkt. 4–2 at 19–21). On June 16, 2005, Petitioner was convicted in the County Court of the State of New York, County of Rockland, of criminal possession of a weapon in the third and fourth degrees, and was sentenced to terms of incarceration of 7 years and 1 year, respectively. (Dkt. 4 at ¶ 4(d); Dkt. 4–1 at ¶ 6; Dkt. 4–2 at 19–21).

On January 24, 2007, an immigration judge ordered Petitioner removed from the United States to the United Kingdom or in the alternative, to St. Kitts, West Indies. (Dkt. 4 at ¶ 7; Dkt. 4–1 at ¶ 9; Dkt. 4–2 at 24). Petitioner's appeal of the decision was denied by the Board of Immigration Appeals on June 12, 2007. (Dkt. 4 at ¶ 8; Dkt. 4–1 at 110; Dkt. 4–2 at 9–13).

On June 20, 2014, Petitioner was received into ICE custody upon his release from the custody of the New York State Department of Corrections and Community Supervision. (Dkt. 4 at ¶ 9; Dkt. 4–1 at ¶ 11; Dkt. 4–2 at 24).

On August 4, 2014, Petitioner filed the instant habeas petition alleging that his continued administrative custody at DHS/ICE was in violation of his constitutional rights. (Dkt. 1). Specifically, Petitioner requested "his immediate release from DHS/ICE custody." (Dkt. 1 at 4).

On August 12, 2014, this Court ordered Respondents to file and serve an answer or motion to dismiss the petition, accompanied by a memorandum of law, within 45 days of service of the order. (Dkt. 2). The order was served on Respondents by certified mail on August 19, 2014. On October 1, 2014, Respondents timely filed their answer and memorandum in opposition to the petition. (Dkt. 4, 5). On October 7, 2014, Petitioner was released from administrative custody and was removed from the United States. (Dkt. 6 at ¶ 4; Dkt. 6–1 at 2). On October 8, 2014, Respondents filed a motion to dismiss the petition on the grounds of mootness. (Dkt. 6 at 1, 4).

For the following reasons, Petitioner's habeas petition is dismissed as moot.

## II. DISCUSSION

### A. Jurisdiction

■ "[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to ·aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Henderson v. INS,* 157 F.3d 106, 122 (2d Cir.1998) (quotation omitted). When considering a habeas corpus petition, "the 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno,* 251 F.Supp.2d 1112, 1120 (E.D.N.Y.2003). "A non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot as a result of the deportation." *Id.* at 1120–21. Petitioner "must show 'collateral consequences adequate to meet Article III's injury-in-fact requirement.' " *Sayavong v. McElroy,* No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (quoting *Ramirez v. I.N.S.,* 86 F.Supp.2d 301, 303–04 (S.D.N.Y.2000)).

### B. Mootness

" '[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' " *Jackson v. Holder,* 893 F.Supp.2d 629, 631 (S.D.N.Y. Sept. 27, 2012) (quoting *Cnty. of L.A. v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). "The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Denis v. DHS/ICE of Buffalo, New York,* 634 F.Supp.2d 338, 341 (W.D.N.Y.2009); *see also Williams v. I.N.S.,* No. 02–CIV–3814, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him."); *Johnson v. Reno,* 143 F.Supp.2d 389, 391 (S.D.N.Y.2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in [INS] custody.").

■ Here, the only relief sought by Petitioner was release from ICE/DHS custo-

dy. (Dkt. 1 at 4). Therefore, Petitioner's habeas petition became moot upon his release from the custody of the United States. *See Denis,* 634 F.Supp.2d at 341. Petitioner is no longer subject to the condition that caused his alleged deprivation, and as a result, this Court lacks subject matter jurisdiction to further examine the merits of the petition.

## III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 6) is granted, and Petitioner's habeas petition is dismissed as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.