Daniel PENA, Petitioner,

v.

Loretta LYNCH, Jeh Johnson, and Mark Volger, Respondents.

No. 16–cv–5075 (RA)

United States District Court, S.D. New York.

Signed 06/26/2017

Douglas Uri Rosenthal, The Rosenthal Law Firm, P.C., New York, NY, for Petitioner.

Shane Patrick Cargo, U.S. Attorney Office, New York, NY, for Respondents.

ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Daniel Pena, a native of the Dominican Republic and lawful permanent resident of the United States, petitions for a writ of habeas corpus, challenging the lawfulness of his detention pending removal. *See* Pet. (Dkt. 1). Pena seeks immediate release from custody under reasonable conditions of supervision or, alternatively, a bond hearing, as well as declaratory relief *See id.* The petition challenges only Pena's detention; it does not challenge his underlying removal order. *See id.*

■ On April 18, 2017, the Court directed Pena to advise the Court, no later than May 18, 2017, whether his petition was moot in light of the government's representations that an immigration judge had ordered him removed and that Pena had waived appeal. *See* Order (Dkt. 5). This order warned Pena that the petition would be dismissed if he did not respond by May 18, 2017. *See id.* The Court has not received a response.

On June 13, 2017, the government submitted a letter advising the Court that Pena was removed to the Dominican Republic on May 16, 2017. *See* Defs.' Letter to Ct. (June 6, 2017) (Dkt. 6). The government argues that Pena's removal "unequivocally moots his habeas petition." *Id.* Pena has not responded to the government's letter.

■ The Court agrees that Pena's removal to the Dominican Republic renders this petition moot. "The principle that a federal court 'lacks jurisdiction to consider the merits of a moot case is a branch of the constitutional command that the judicial power extends only to cases or controversies.'" *Chevron Corp. v. Donziger*, 833 F.3d 74, 123 (2d Cir. 2016) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 n.7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)), *cert. denied*, No. 16-1178, — U.S. —, 137 S.Ct. 2268, — L.Ed.2d —, 2017 WL 1198372 (U.S. June 19, 2017). Of course, "even if a party has constitutional and statutory standing when her complaint is filed, her claim can become moot during the course of the litigation." *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016). "When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy." *Karamoke v. U.S. Homeland Sec.*, No. 09-CV-4089 (GBD) (JCF), 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009). Here, Pena challenges only his detention, *see* Pet., and there is no dispute that he was removed from the United States on May 16, 2016, *see* Defs.' Letter to Ct. (June 6, 2017). Moreover, Pena does not argue that he continues to suffer any injury from his detention. Accordingly, Pena's petition is moot. *See, e.g., Altagracia v. Sessions*, No. 6:16-CV-06647 (EAW), 2017 WL 908211, at *2 (W.D.N.Y. Mar. 7, 2017) ("[T]he Petition became moot upon Petitioner's release from the custody of the United States."); *Jackson v. Holder*, 893 F.Supp.2d 629, 631 (S.D.N.Y. 2012) ("[T]he petitioner was removed from the United States and is no longer 'in custody.' Therefore, insofar as the petitioner requested to be released from custody, the petition no longer presents a live controversy and is moot."); *Johnson v. Reno*, 143 F.Supp.2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in

(INS) custody.").[1]

The petition is therefore denied. The Clerk of Court is respectfully directed to terminate this case. Because Pena has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

SO ORDERED.

---

1. Pena's request for declaratory relief is also moot: Pena only seeks a declaration with respect to the lawfulness of his detention, which is no longer the subject of any case or controversy. *See, e.g.*, *Jackson*, 893 F.Supp.2d at 631 (finding that a habeas petitioner's request for declaratory judgment that "his continued detention was not authorized by the INA and/or violated the Fifth Amendment" was moot after the petitioner was removed, as "any continuing injury to the petitioner stems not from his detention, which has ended, but from the final removal order").